**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**NEW WAVE MORTGAGE, INC.,**

      **Plaintiff,**

**-vs-**                                            **Case No: 6:12-cv-00532-Orl-37KRS**

**NITZIA N. MORALES;
UNKNOWN SPOUSE OF NITZIA N.
MORALES;
JOSE MORALES;
FELICITA MORALES;
JOHN DOE, as Unknown Tenants in
Possession; and
JANE DOE, as Unknown Tenants in
Possession,**
      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff New Wave Mortgage, Inc.'s Motion to Remand (Doc. No. 8), filed April 20, 2012. No Defendant has filed a brief in opposition, and the time to do so has passed. Thus, Plaintiff's Motion is due to be granted as being unopposed. Nevertheless, out of an abundance of caution, the Court reviews the merits of Plaintiff's Motion.

Plaintiff filed its complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. (Doc. No. 2, p. 1.) That court entered final judgment in favor of Plaintiff on January 7, 2011. (Doc. No. 1-1, p. 1.) Defendant then filed a Notice of Removal over a year later, on April 9, 2012. (Doc. No. 1, p. 2.) Plaintiff filed a Motion to Remand on May 20, 2012. (Doc. No. 8, p. 1.)

In its Motion to Remand, Plaintiff argues (1) the removal was untimely, (2) the

Court lacks subject matter jurisdiction over the case, and (3) the *Rooker-Feldman* doctrine bars the Court from hearing the case. (Doc. No. 8, p. 1.) Plaintiff seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

After its review of the motion and the applicable law, the Court finds that Defendants' removal was untimely. Title 28 U.S.C. § 1446(b) establishes that a case may be removed no more than within thirty days of the time when it first becomes possible to remove the action. Section 1446(b) also prohibits a defendant from removing an action on the basis of diversity jurisdiction more than one year after the action commences. 28 U.S.C. § 1446(b). Defendants removed the action over a year after the commencement of the action and entry of a final judgment, thus their Notice of Removal was untimely regardless of whether removal was based on federal question jurisdiction or diversity jurisdiction.

Even if Defendants' Notice of Removal was timely, the Court lacks subject matter jurisdiction to hear the case. Pursuant to Title 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to a federal district court only if the district court has jurisdiction based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Both are lacking in this case. There is no federal question jurisdiction because there is no claim arising under federal law "on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (quoting *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). The Court does not look beyond Plaintiff's Complaint to determine the existence of federal question jurisdiction, so it is irrelevant that Defendants' Notice of Removal contains claims or defenses arising under federal law. *Id.*; (Doc. No. 1, p. 1.) Thus, Defendants failed to

satisfy their burden of proving facts supporting the existence of federal question jurisdiction over this case.

Similarly, Defendant did not properly allege diversity jurisdiction. A district court has diversity jurisdiction if the parties have diverse citizenship and if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, an individual's citizenship is the place of his or her domicile, which the Eleventh Circuit defines as "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

Plaintiff asserts that both parties are citizens of Florida (Doc. No. 8, p. 3) and Defendants do not challenge this assertion. Defendants give merely a bare-bones assertion that "the [p]laintiff and [d]efendant are from different [s]tates," without alleging the state of citizenship of either party. (Doc. No. 1, p. 2.) Thus, Defendants have failed to satisfy their burden of proving facts supporting the existence of diversity jurisdiction.

Since there is no federal question jurisdiction and no diversity jurisdiction, the Court lacks subject matter jurisdiction to hear the case. Since it lacks jurisdiction, the Court does not reach the *Rooker-Feldman* argument.

In view of the above, it is **ORDERED:**

1. Plaintiff New Wave Mortgage, Inc.'s Motion for Remand (Doc. No. 8) is **GRANTED** and the case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

2. Plaintiff's request for attorney's fees is **DENIED**.

3. The Clerk shall send a certified copy of this Order to the Clerk of Court for

the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk shall close this file thereafter.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 15, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record

pro se litigants